CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 20 2018
JULIA C. DUDLEY, CLERK
BY: HMcDonald
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN PHILLIP MARTIN, | ) | CASE NO. 7:17CV00552 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| HAROLD CLARK, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

John Phillip Martin, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment in the Halifax County Circuit Court for several crimes. Respondent filed a motion to dismiss, and Martin failed to respond, making the matter ripe for disposition. After review of the record, I grant the motion to dismiss and dismiss the petition.[1]

### I. Procedural History

After a jury trial, the Halifax County Circuit Court convicted Martin of: attempted voluntary manslaughter, carjacking, eluding the police, identity theft, and use of a firearm during the commission of a felony. Martin also pleaded guilty to felon in possession of ammunition and violent felon in possession of a weapon charges. The trial court sentenced Martin to thirty-four years and three months' imprisonment, with six years suspended. Martin's state court appeals were unsuccessful, concluding on July 17, 2017.

### II. Claims

On November 29, 2017, Martin filed the current petition, alleging the following grounds of habeas corpus relief:

---

[1] This opinion omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. See United States v. Marshall, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

1

1. Due process/equal protection rights when courts denied opportunity to be heard upon child custody hearing in the cases of both kids;
2. First Amendment Freedom of Religion rights;
3. Due process rights under Brady v. Maryland, 373 U.S. 83 (1963) violated;
4. Due process rights violated when evidence that a subpoenaed witness had died was not turned over to him;
5. Due process rights violated by the destruction of evidence;
6. Due process rights violated when he was not present at all court proceedings;
7. Due process rights violated before arrest under Miranda v. Arizona, 384 U.S. 436 (1966);
8. Equal protection rights violated by racial profiling;
9. Due process rights violated when law enforcement used excessive force against him during an unlawful traffic stop;
10. Fifth Amendment right against self-incrimination violated;
11. Counsel failed to object to the perjured testimony of Deputy Britton;
12. Counsel failed to consult with petitioner after receiving information that the jury may have been tampered with;
13. Counsel was ineffective for failing to act according to Martin's wishes regarding a Facebook post;
14. Counsel failed to communicate with Martin on how to proceed regarding a mistrial or continuance;
15. Counsel failed to listen to Martin about how to continue the proceedings; and
16. Martin's right to personally cross-examine witnesses was violated.

### III. Standard of Review

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 403-13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Under this standard, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could agree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011). The AEDPA standard is "highly deferential" to both factual findings and legal conclusions, and the petitioner bears the burden of proof. Id. at 105; Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

For the first prong, petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. "The proper measure of attorney performance remains simply

3

reasonableness under prevailing professional norms." Id. at 688. Habeas courts maintain a "strong presumption" that counsel's conduct fell within the "wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential," and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." Id.

For the second prong, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id. Lastly, "an attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999); see also Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996).

### IV. Exhaustion and Procedural Default

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288.

Also, the United States Supreme Court has long held that a state prisoner's habeas claims may not be entertained by a federal court "when (1) a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." Maples v. Thomas, 565 U.S. 266, 280 (2012). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not depend[] on a federal constitutional ruling." Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999).

Claims 6, 7, 8, 9, 10, 14, and 16 are properly exhausted because Martin previously raised them in the Supreme Court of Virginia. However, Martin never presented Claims 1, 2, 3, 4, 5, 11, 12, 13, and 15 to the Supreme Court of Virginia and cannot now return to state court to exhaust them. See Va. Code § 8.01-654 (establishing the filing requirements of Virginia habeas—a petition by Martin would be both successive and untimely). Therefore, Claims 1, 2, 3, 4, 5, 11, 12, 13, and 15 are simultaneously exhausted and defaulted under Baker.

Meanwhile, Claims 6, 7, 8, 9, 10, and 16 are barred by Slayton v. Parrigan, 205 S.E.2d 680 (1974), because Martin could have raised the claim on direct appeal, but failed to do so. Martin v. Clarke, No. 161493, slip op. at 3-4 (Va. July 17, 2017), ECF No. 16-6; see Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006) (Parrigan is an independent and adequate procedural bar.).

"If a claim is procedurally defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." Bell v. True, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006). The "cause" prong requires a petitioner to demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). The

5

"prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. Meanwhile, the fundamental miscarriage of justice exception requires a petitioner to prove his actual innocence. Schlup v. Delo, 513 U.S. 298, 339-40 (1995).

Martin appears to assert several explanations for his default. For his Brady claims, He argues that Parrigan cannot apply if material evidence was withheld. For Claim 2, he argues that he believed that his constitutional claim would be best served in federal court, and that counsel was ineffective for laughing at Martin.[2] For Claim 3, Martin alleges that no one listened to him. None of these allegations constitute cause and prejudice or a fundamental miscarriage of justice that would excuse Martin's procedural default. Therefore, I will grant the motion to dismiss as to Claims 1 through 13, 15, and 16, because they are barred from federal habeas review.

## V. Merits

In Claim 14, Martin alleges that counsel was ineffective for failing to communicate with him on whether to seek a mistrial or continuance. On habeas review, the Supreme Court of Virginia held that the claim satisfied neither prong of the Strickland test, because Martin:

> failed to articulate what relevant information he could have provided counsel had counsel consulted with Martin and has failed to explain how the outcome of the trial would have been affected by such a consultation. Thus, Martin has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Martin, No. 1017024, slip op. at 3. I agree.

The Court of Appeals of Virginia established the following relevant facts:

The evidence presented at trial proved that on October 23, 2011, Deputy Stanley Britton, Jr., was on patrol. He observed a car he knew was associated with Martin and initiated a traffic stop to serve Martin with an outstanding arrest warrant.

---

[2] Martin alleges that counsel laughed at him when Martin suggested challenging his sentences based on the unconstitutional Christian connotations of using the Gregorian calendar in sentencing.

> When Britton asked for Martin's identification, Martin provided the officer with a false name. Britton obtained Martin's license and confirmed his true identity. Britton informed Martin about the warrant and instead of submitting to the officer's authority, Martin put his vehicle in gear and sped away.
>    Britton followed and as Martin ascended a hill, he stopped his truck. Britton stopped behind Martin, gout out of his police cruiser, and positioned himself behind the car door. Martin retrieved a gun from his vehicle and stepped out with the gun in his hand. Martin claimed he intended to discard the weapon in the woods as he knew he was not permitted to possess a firearm. Martin claimed Britton began shooting at him. Martin ran towards Britton and fired his weapon. He specifically testified he did not fire at the officer, but fired toward an embankment in an attempt to get Britton to stop shooting. After Britton moved away from his vehicle, Martin entered the police cruiser and drove away.

Martin v. Commonwealth, No. 1290-14-2, slip op. at 2 (Va. Ct. App. April 1, 2015).

In trial counsel's affidavit, counsel stated that on October 9, 2013, the day the jury trial was set to begin, the Commonwealth brought a Facebook post to the court's attention. In the post, Deputy Britton's sister posted that she "had talked to some of the jurors that evening" and was sure "justice would be done." Childress Aff. 2, ECF No. 16-8. The circuit court determined the entire venire pool was tainted and counsel was given an opportunity to continue or have the court declare a mistrial. Counsel stated that he chose to continue the trial because the continuance allowed for months of preparation. Counsel believed that, if he moved for a mistrial, the Commonwealth and the trial court would have set the case for a new trial in a matter of weeks because they "were very determined to try Martin's case quickly." Id. at 6.

Martin asserts the following in support of the claim. He states that a bailiff witnessed a conversation between counsel and Martin after the circuit court adjourned on October 10, 2013, but he does not allege what was said. He declares that there was evidence of jury tampering and collusion which precluded the possibility of a fair trial, that Deputy Britton perjured himself,[3]

---
[3] Martin avers that Deputy Britton testified that he did not have any warrant package with him on October 23, but he later stated that he had a picture of the suspect attached to a warrant package. However, Deputy Britton's testimony shows that he did not have a warrant package with him on October 23, but that he had seen the package and remembered the photo.

7

and that counsel ignored Martin to pursue counsel's "opinion of strategy." Pet. 18. He lists Michie's Jurisprudence Rules 1.2 and 1.4, which cover the scope of representation and counsel-client communication requirements. Lastly, he nakedly alleges that counsel's failure to consult him "creates prejudice against Martin due to the fact Martin may have impeached this witness's, Deputy Stanley Britton Jr.'s testimony, thereby instituting doubt in the minds of the jurors and gaining a different outcome in these proceedings." Id.

First, counsel's performance was not deficient. Counsel is permitted to "set priorities" and "determine trial strategy." Strickland, 466 U.S. at 689. Since counsel felt that he needed more time to prepare for Martin's case, it was not unreasonable for counsel to pursue a continuance when he reasonably believed it would offer a longer delay than having the court declare a mistrial. Furthermore, impeaching Deputy Britton is irrelevant to whether counsel should have consulted Martin on whether to move for a continuance or mistrial.

Second, Martin's naked assertion that prejudice exists is not sufficient under the demanding standards of Strickland and § 2254. See Strickland, 466 U.S. at 694; Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing) overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996). He has not alleged any facts demonstrating that, but for counsel's failure to consult him and/or listen to him, there is a reasonable probability that the outcome of the proceeding would have been different. Therefore, I will grant the motion to dismiss as to Claim 14.

## VI.

For the foregoing reasons, I grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 20th day of November, 2018.

Senior United States District Judge